## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **WALTER C. RICHARDSON,** | : | |
| | : | |
| **Plaintiff.** | : | |
| | : | |
| **VS.** | : | **CASE NO. 5:16-CV-96-MTT-MSH** |
| | : | |
| **Warden T.J. CONLEY,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

_____

## O R D E R

Plaintiff Walter C. Richardson, an inmate at Central State Prison ("CSP"), submitted a *pro se* handwritten complaint, which the Clerk's Office has docketed as a civil action under 42 U.S.C. § 1983 (ECF No. 1).[1]  Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 8) and two motions to appoint counsel (ECF Nos. 4, 7).  Plaintiff's motions are addressed below.  As indicated thereafter, if Plaintiff wishes to maintain this action, he must modify his requested relief and recast his complaint on this Court's standard section 1983 form.

## I.    Motion to Proceed In Forma Pauperis

The Court reviewed Plaintiff's motion to proceed *in forma pauperis* (ECF No. 8) and, based on his financial information, finds that Plaintiff is presently unable to pre-pay

---

[1] Prior to filing the above-captioned lawsuit, Plaintiff filed a motion for appointment of counsel, which was opened as a miscellaneous action and given a case number of 5:15-mc-12.   On August 11, 2016, the Court entered an order directing the Clerk of Court to consolidate the miscellaneous action into this case.

the Court's filing fee.   Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the full $350.00 filing fee, as will be directed in a future order.   The Court's filing fee is not refundable, regardless of the outcome of this case.   Plaintiff is thus responsible for the fee even if his case is dismissed prior to service.

## II.     Motion for Appointment of Counsel

Plaintiff's motions to appoint counsel are premature.   (ECF Nos. 4, 7.)   The Court cannot properly evaluate Plaintiff's need for counsel until it has an opportunity to conduct a preliminary review of his complaint and the Defendants' responsive pleadings.   If, at that point, it is apparent that counsel should be appointed in this case, because of either the complexity of the issues or their novelty, *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain a renewed motion.   For future reference, Plaintiff is advised that there is no constitutional right to counsel in a section 1983 case, and that the appointment of counsel must be justified based on "exceptional circumstances."   *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).   Accordingly, Plaintiff's motions for counsel are **DENIED**.

## III.     Order to Recast Complaint

The undersigned has also reviewed Plaintiff's complaint.   Plaintiff's claims arise out of his prior confinement at Washington State Prison ("WSP") (ECF No. 1).   Plaintiff apparently seeks no damages as a result of the alleged misconduct of the Defendants (all of whom are WSP personnel).   He does, however, seek injunctive and/or declaratory relief

from the conditions of his confinement.   Because Plaintiff has been transferred from WSP, he is **not** entitled to injunctive and/or delcaratory relief relating to his former place of confinement.  *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (stating the "general rule . . . that a transfer or a release of a prisoner from prison will moot that prisoner's claim for injunctive and declaratory relief"), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011).   This Court thus cannot grant the relief sought by Plaintiff.   Plaintiff is therefore advised that his complaint will be dismissed if the only relief he seeks is injunctive and/declaratory relief.

If Plaintiff wishes to modify his requested relief sought in this lawsuit, he must submit a recast complaint.   To do so, Plaintiff must complete, sign, and file this Court's standard section 1983 complaint form, to which he may attach a maximum of 10 pages. The Clerk of Court is **DIRECTED** to mail Plaintiff a new section 1983 complaint form showing civil action number 5:16-cv-96-MTT-MSH.

When filed, this complaint form will be substituted for the current pleading. Plaintiff may not incorporate any portion of his original filing into the recast complaint. In completing this Court's complaint form, Plaintiff should list in the caption the names of each individual whom he seeks to include as defendants herein.   Plaintiff should also explain: (1) what each defendant did (or did not do) to violate his constitutional rights;[2] (2)

---

[2] Scattered through Plaintiff's complaint are numerous claims that certain of the defendants mishandled grievances, routinely denied them (sometimes for the entire five day period in which Plaintiff was eligible to file a grievance), and generally fouled up the grievance appeal process.   In an effort to save Plaintiff space for his valid claims in his recast complaint, the Court notes that his grievance claims are not cognizable in a section 1983 action. While some of Plaintiff's allegations

when and where each action occurred; (3) how Plaintiff was injured as a result of each defendant's actions; and (4) the specific relief he seeks against each defendant.

Alternatively, if Plaintiff does not wish amend his requested relief, he should move to voluntarily dismiss this action.   Such a voluntary dismissal would be without prejudice and will avoid Plaintiff's incurring this Court's $350 filing fee or the possible accrual of a strike under 28 U.S.C. § 1915(g).

## IV.   Time for Response

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file his recast complaint or provide notice of his voluntary dismissal.   While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address.   Plaintiff's failure to fully and timely comply with this Order shall result in the dismissal of his complaint.

SO ORDERED, this 25th day of August, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

might conceivably be relevant to the exhaustion issue, there is no constitutional right to an effective grievance procedure, or to any grievance procedure at all.   In fact, the Eleventh Circuit Court of Appeals has held that prisoners do not have a constitutionally protected liberty interest in the inmate grievance process.   *Bingham v. Thomas,* 654 F.3d 1171, 1177 (11th Cir. 2011).   Thus, the denial of such procedures is not actionable under section 1983.