IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WALTER C RICHARDSON. | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:16-cv-00096-MTT-MSH |
| VS. | : | |
| | : | |
| Warden T J CONLEY, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Walter C. Richardson, an inmate confined at Central State Prison, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983. At the time of filing, Plaintiff also moved to proceed without prepayment of the district court's filing fees under 28 U.S.C. § 1915, which was granted on August 25, 2016. ECF No. 9. As discussed below, however, upon preliminary review, Plaintiff's complaint is dismissed for failure to state a claim.

### I. Motion to Proceed In Form Pauperis

Although Plaintiff is allowed to proceed *in forma pauperis* in this action, Plaintiff is still obligated to pay the full balance of the filing fee, in installments, as set for in § 1915(b) and explained below. It is thus requested that the **CLERK** forward a copy of this

1

**ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. Directions to Plaintiff's Custodian

It is hereby **ORDERED** the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

A. Plaintiff's Obligations Upon Release

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff

is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. Motion to Appoint Counsel

Before addressing the merits of Plaintiff's claims, the Court must consider Plaintiff's request for counsel. "Although plaintiffs in civil cases have no constitutional right to counsel, district judges may appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(e)(1)." *Maldonado v. Unnamed Defendant*, 648 F. App'x 939, 956 (11th Cir. 2016) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). Appointment is only appropriate in exceptional circumstances, and "[t]he fact a plaintiff would be helped by the assistance of an attorney does not, in itself, require appointment of counsel." *Id.* (citing *Bass*, 170 F.3d at 1320). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of a plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff filed a § 1983 complaint on the standard complaint form designed for pro se litigants. The PLRA requires that the Court now review Plaintiff's complaint form to determine whether he can possibly state a viable claim against the named defendants. This process is routine in pro se prisoner actions and not an "exceptional circumstance" justifying the appointment of counsel. The facts and legal issues involved in this case are fairly straightforward; and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case to the court. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Therefore, as the Court

sees no immediate need for the appointment of counsel in this case, Plaintiff's motion (ECF No. 12) is **DENIED**.

### III. Preliminary Review of Plaintiff's Complaint

#### A. Standard for Preliminary Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

#### B. Background and Discussion

Plaintiff filed his initial complaint on March 7, 2016. ECF No. 1. The allegations

therein were presented in a series of paragraphs describing the contents of grievances Plaintiff filed while confined at Washington State Prison. Due to the peculiar manner in which Plaintiff described the events of which he complains, his initial complaint contained mostly conclusory descriptions of what he grieved and against whom. Although the complaint is well organized and fourteen pages in length, Plaintiff failed to provide detailed factual information concerning relevant events and did not connect defendants' conduct to the constitutional violations he alleged. In light of these limitations and in accordance with the leniency afforded *pro se* litigants, United States Magistrate Judge Stephen Hyles ordered Plaintiff to recast his complaint on August 25, 2016. ECF No. 9. Plaintiff was advised that his recast complaint would be substituted for his initial complaint and that he could not incorporate any portion of his original filing. *Id*. at 3. Plaintiff was also instructed to explain (1) what each defendant did (2) when and where each action occurred; (3) how Plaintiff was injured, and (4) the relief Plaintiff seeks. *Id*. at 3-4.

Plaintiff filed a recast complaint approximately one month later, and the statement of claim stated:

> Due to the facts, the procedure of the Constitutions rules & Regulations, SOP IIB05-0001 has been violated. [M]y first amendment will prohibits cruel and unusual punishment and ect. ect's; I contends thats a serious crime in questions or other-wise shocking to the free world; Walter Richardson has due process rights to a hearing before he may be deprived of liberty interest on basis of misbehavior. "LOSS, FORFEITURE" (DISCOURTESY)

ECF No. 10 at 5. Plaintiff listed six Defendants as party to this lawsuit, renewed his request that his grievances be completed immediately, and seeks "pay" for suffering

5

caused. Plaintiff then filed a statement of jurisdiction and venue (ECF No. 11), a motion to appoint counsel (ECF No. 12), and discovery materials (ECF No. 13). Plaintiff's statement of jurisdiction and venue and motion to appoint counsel contain narrative descriptions of his claim. Although the Court will not consider Plaintiff's initial complaint as he was advised his recast complaint would be superseding, out of an abundance of caution, the Court has reviewed the allegations in Plaintiff's motion to appoint counsel and statement of jurisdiction as if they were contained in Plaintiff's recast complaint.

To state a claim for relief under Section 1983, a plaintiff much allege that he (1) "suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States, and (2) that the act or omission causing the deprivation was committed by a person acting under color of law." *Wideman v. Shallowford Comm. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) (citations omitted). Although it is not entirely clear, Plaintiff's recast complaint and subsequent filings appear to primarily allege that his rights are being violated because he is receiving inadequate medical care and his grievances are not being addressed. Plaintiff describes this as "mistreatment" subjecting to him a "zone-of-danger" amounting to a deprivation of basic human needs, which has created an "emergency situation." ECF No. 12. In order for Plaintiff to have a claim under Section 1983 related to his medical care, however, his claim must rise to the level of a constitutional violation. A claim cannot do so through bare legal conclusions and conclusory allegations alone. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir.

6

2015) (per curiam) ("Conclusory allegations and bare legal conclusions are insufficient to preclude dismissal.") (citations omitted). Instead, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Combining all of Plaintiff's factual allegations, and taking them as true, he has failed to allege an Eighth Amendment or other constitutional claim.

Plaintiff is not required to adhere to technical niceties, but he is required to "state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (quoting *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1990)). Plaintiff failed to meet this minimal requirement, despite being given the opportunity to recast his complaint with instructions how best to do so. Plaintiff's recast complaint and subsequent filings do not identify what defendant is responsible for the alleged violations of his rights or otherwise identify any specific act which may have violated his rights. Plaintiff's complaint must, therefore, be dismissed. *See Smith v. Reg'l Dir. Of Fla. Dep't of Corr.*, 368 F. App'x 9, 14 (11th Cir. 2010) (per curiam) (affirming sua sponte dismissal under 1915 where plaintiff failed to allege facts showing deliberate indifference).

Even if Plaintiff had alleged facts connecting the actions of defendants to the complained of harm, he has still failed to state a claim. Plaintiff's claims related to filing grievances and the prison staff's failure to follow prison regulations are subject to dismissal as they do not raise constitutional violations. *See e.g. Bingham v. Thomas*, 654

F.3d 1171, 1177 (11th Cir. 2011) (no constitutional entitlement to grievance procedure) and *Jones v. Schofield*, No. 1:08-CV-7 (WLS), 2009 WL 902154, at *3(M.D. Ga. Mar. 30, 2009) (prison regulations do not confer rights enforceable under Section 1983).

Plaintiff's Eighth Amendment medical indifference claim is, likewise, subject to dismissal for failure to state a claim as Plaintiff has not alleged a serious medical need or deliberate indifference. "[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Hill v. Dealk Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Id.* (quoting *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000)) (alteration in original). Deliberate indifference occurs when "the official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837). Plaintiff's brief references to delayed medication and his medical safety profile are insufficient to show that Plaintiff is facing a substantial risk of serious harm. Furthermore, Plaintiff has not alleged facts establishing that any particular defendant knew of his medical conditions and failed to take reasonable action.

### IV. <u>CONCLUSION</u>

Pursuant to the above, Plaintiff's complaint[1] is **DISMISSED without prejudice**[2] for failure to state a claim.

**SO ORDERED**, this 4th day of May, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff also mentions "retaliation," "cruel and unusual punishment," "excessive force," and "equal protection" in his filings. Plaintiff, however, has failed to provide factual details sufficient to support such claims or even make clear that he wishes to raise them.

[2] The Court's best guess is that the alleged violations related to Plaintiff's deliberate indifference to medical care claims began occurring in the summer of 2015 and are ongoing. Therefore, it does not appear that Plaintiff will be barred by Georgia's statute of limitations if he chooses to file another complaint, assuming he acts promptly.