# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WALTER C RICHARDSON, | : |
| Plaintiff, | : |
| | : NO. 5:16-cv-00096-MTT-MSH |
| VS. | : |
| Warden T J CONLEY, *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff Walter C Richardson, an inmate confined at the Central State Prison in Macon, Georgia, filed a pro se civil rights action seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), the Court found that his allegations failed to state a viable claim and dismissed the Complaint. Currently before the Court are Plaintiff's (1) motion to appoint counsel, (2) motion to alter judgement, (3) motion for preliminary injunction; (4) motion for writ of mandamus, and (5) motion for preliminary injunction. Plaintiff's motion to alter judgment (ECF No. 22) is **DENIED** and the remaining motions (ECF No. 21; 23; 25; 27) are **DENIED as moot** as final judgment has been entered.

Although Plaintiff has titled his motion to alter or vacate judgment as brought under Federal Rule of Civil Procedure 59(e), Plaintiff filed his motion nearly two months after final judgment was entered in this case. It is therefore untimely. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of

the judgment."). Nevertheless, "an untimely Rule 59(e) motion to vacate is properly treated as a Rule 60(b) motion." *Jones v. Southern Pan Servs.*, 450 F. App'x 860 (11th Cir. 2012). "The grounds for granting a Rule 60(b) motion to vacate are (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief." *Id*. (citing See Fed. R. Civ. P. 60(b)).

Plaintiff's motion to alter judgment, treated as a Rule 60(b) motion, lists in chronological order five separate filings Plaintiff submitted post-judgment, each of which relates to discovery. In the motion, Plaintiff provides no viable grounds for granting relief from the Court's judgment and does not otherwise argue or explain why this case should be reopened. Although the motion is titled as being brought under Rule 59, it appears that Plaintiff is attempting to continue with this case despite judgment having been entered. This is not a valid basis for granting Rule 60 relief. It is also not a valid basis for relief under rule 59. An independent review of the record also reveals no reason justifying relief. Consequently, Plaintiff's motion (ECF No. 22), titled as being brought under Rule 59, is **DENIED**. Plaintiff's remaining post-judgment motions (ECF No. 21; 23; 25; 27) are **DENIED as moot**.

**SO ORDERED**, this 4th day of October, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT